FILED

2019 JAN 29 PM 3: 15

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: ___

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2018 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR A. OHIRI and<br>STEPHEN O. DANIELSON-OHIRI,<br><br>Defendants. | CR No. 19-CR19-00042-SVW<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 641: Theft of Government Property; 18 U.S.C. § 1956(a)(2)(B)(i): International Money Laundering; 18 U.S.C. § 2(b): Causing an Act to Be Done; 18 U.S.C. §§ 981(a)(1)(C) and 982, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

A. INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. Defendant VICTOR A. OHIRI ("defendant V. OHIRI") was a resident of Los Angeles and Woodland Hills, California, within the Central District of California, and the sole signatory on the following bank accounts: Citibank accounts ending in 4397 and 4405 (the "Citibank 4397 Account" and "Citibank 4405 Account,"

respectively), and JPMorgan Chase accounts ending in 7570 and 3985 (the "Chase 7570 Account" and "Chase 3985 Account," respectively).

2.  Defendant STEPHEN O. DANIELSON-OHIRI ("defendant S. OHIRI"), brother of defendant V. OHIRI, was a resident of Woodland Hills, California, within the Central District of California, and the sole signatory on Citibank accounts ending in 0480 and 3137 (the "Citibank 0480 Account" and "Citibank 3137 Account," respectively).

3.  The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury ("DOT") responsible for administering the tax laws of the United States, collecting taxes owed to the United States, and paying tax refunds to taxpayers who were owed such refunds.

4.  A Refund Anticipation Check or Refund Transfer was a financial product typically offered as a way for taxpayers to pay for their tax preparation services using their tax refund. In a Refund Transfer, the federal tax refund issued by the IRS was transmitted to a third party that disbursed fees, often for tax preparation services and fund transfer, and then transferred the balance of the refund to the taxpayer. Santa Barbara Tax Products Group ("SBTPG"), EPS Financial ("EPS"), and H&R Block all offered Refund Transfer services to taxpayers.

B.  OBJECTS OF THE CONSPIRACY

5.  Beginning in or about March 2014, and continuing to at least in or about March 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendants V. OHIRI and S. OHIRI, together with co-conspirators CC-1 and CC-2 and others known and unknown to the Grand Jury, knowingly combined, conspired,

and agreed with each other to commit the following offenses against the United States:

    a. Theft of government property, in violation of Title 18, United States Code, Section 641; and

    b. International Money Laundering, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

C. MANNER BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

6. The objects of the conspiracy were carried out, and to be carried out, in substance, as follows:

    a. Defendants V. OHIRI and S. OHIRI would provide bank account information for multiple bank accounts they controlled -- including the Citibank 4397, 4405, 0480, and 3137 Accounts and the Chase 7570 and 3985 Accounts -- to co-conspirators.

    b. Co-conspirators would use personal identifying information and fake proof-of-income documents, such as fake W-2 wage forms, as well as the bank account information for defendant V. OHIRI and S. OHIRI's accounts, to file false and fraudulent federal income tax returns with the IRS in the names of taxpayers who did not authorize the filing of the fraudulent returns or the use of their personal identifying information. In those false and fraudulent returns, co-conspirators would claim large tax refunds, often between $8,000 and $10,000.

    c. The co-conspirators would cause the IRS to issue refunds based on the false and fraudulent returns, which refunds would be electronically transmitted either by the IRS directly or through refund transfer services (in which case the amount transmitted would be the net of tax preparation and other fees), not

to the named taxpayers, but instead to bank accounts controlled by defendants V. OHIRI and S. OHIRI and others.

    d.    Defendants V. OHIRI and S. OHIRI would then convert the refunds to their own use and the use of others by withdrawing, using, and/or transferring to another bank account a portion of the refunds, and wiring the majority of the refund amounts overseas to co-conspirators CC-1 and CC-2 in the United Kingdom, or instructing others, including Individual 1, to do the same.

    7.    During the course of the conspiracy, at least approximately $294,000 in federal income tax refunds issued based on fraudulent returns was deposited into accounts controlled by defendants V. OHIRI and S. OHIRI. Accounts controlled by defendants V. OHIRI and S. OHIRI were also identified as the accounts into which an additional at least approximately $298,000 in federal income tax refunds claimed based on fraudulent returns were to be deposited during the conspiracy.

D.   OVERT ACTS

    8.    In furtherance of the conspiracy and to accomplish its objects, on or about the following dates, defendants V. OHIRI and S. OHIRI, and others known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, in the Central District of California, and elsewhere:

Overt Act No. 1:    On or about March 19, 2014, a co-conspirator caused SBTPG to transfer approximately $9,209 of a tax refund based on a fraudulent U.S. Individual Income Tax Return (Form 1040) in the names of J.S. and C.B., into defendant V. OHIRI's Chase 7570 Account.

Overt Act No. 2: On or about March 20, 2014, defendant V. OHIRI withdrew approximately $1,800 and $200 from his Chase 7570 Account.

Overt Act No. 3: On or about March 20, 2014, defendant V. OHIRI caused an international wire transfer in the amount of approximately $6,500 to be sent from his Chase 7570 Account in the United States to a TSB Bank PLC account ending in 4660 in the United Kingdom for the benefit of co-conspirator CC-1.

Overt Act No. 4: On or about March 26, 2014, a co-conspirator caused SBTPG to transfer approximately $9,164 of a tax refund based on a fraudulent U.S. Individual Income Tax Return (Form 1040) in the names of M.K. and C.H., into defendant V. OHIRI's Citibank 4397 Account.

Overt Act No. 5: On or about March 27, 2014, defendant V. OHIRI caused an international wire transfer in the amount of approximately $8,405 to be sent from his Citibank 4397 Account in the United States to a Barclays Bank account ending in 5780 in the United Kingdom for the benefit of co-conspirator CC-2.

Overt Act No. 6: On or about April 2, 2014, a co-conspirator caused SBTPG to transfer approximately $9,088 of a tax refund based on a fraudulent U.S. Individual Income Tax Return (Form 1040) in the names of M.C. and D.C., into defendant V. OHIRI's Citibank 4405 Account.

Overt Act No. 7: On or about April 2, 2014, defendant V. OHIRI transferred approximately $7,328 from his Citibank 4405 Account to his Citibank 4397 Account.

Overt Act No. 8: On or about April 7, 2014, defendant V. OHIRI withdrew approximately $7,000 from his Citibank 4397 Account.

Overt Act No. 9:    On or about April 7, 2014, defendant V. OHIRI deposited approximately $7,000 into his Chase 7570 Account.

Overt Act No. 10:    On or about April 7, 2014, defendant V. OHIRI caused a wire transfer in the amount of approximately $7,000 to be sent from his Chase 7570 Account to a TSB Bank PLC account ending in 4660 for the benefit of co-conspirator CC-1.

Overt Act No. 11:    On or about April 11, 2014, a co-conspirator caused SBTPG to transfer approximately $9,821 of a tax refund based on a fraudulent U.S Individual Income Tax Return (Form 1040) in the names of R.K. and J.K., into defendant V. OHIRI's Citibank 4397 Account.

Overt Act No. 12:    On or about April 14, 2014, defendant V. OHIRI caused an international wire transfer in the amount of approximately $8,000 to be sent from his Citibank 4397 Account in the United States to a TSB Bank PLC account ending in 4660 in the United Kingdom for the benefit of co-conspirator CC-1.

Overt Act No. 13:    On or about April 15, 2014, a co-conspirator caused SBTPG to transfer approximately $9,090 of a tax refund based on a fraudulent U.S. Individual Income Tax Return in the names of T.W.M. and W.L.A., into defendant V. OHIRI's Citibank 4405 Account.

Overt Act No. 14:    On or about April 17, 2014, defendant V. OHIRI transferred approximately $8,500 and $300 from his Citibank 4405 Account to his Citibank 4397 Account.

Overt Act No. 15:    On or about April 17, 2014, defendant V. OHIRI caused an international wire transfer in the amount of approximately $8,000 to be sent from his Citibank 4397 Account in the United States to a TSB Bank PLC account ending in 4660 in the United Kingdom for the benefit of co-conspirator CC-1.

Overt Act No. 16: On or about April 23, 2014, a co-conspirator caused SBTPG to transfer approximately $9,652 of a tax refund based on a fraudulent U.S. Individual Income Tax Return (Form 1040) in the names of K.M.G. and C.L.C., into defendant S. OHIRI's Citibank 0480 Account.

Overt Act No. 17: On or about April 23, 2014, defendant S. OHIRI withdrew approximately $1,300 in cash from his Citibank 0480 Account.

Overt Act No. 18: On or about April 24, 2014, defendant S. OHIRI caused an international wire transfer in the amount of approximately $6,750 to be sent from his Citibank 0480 Account in the United States to a TSB Bank PLC account ending in 4660 in the United Kingdom for the benefit of co-conspirator CC-1.

Overt Act No. 19: On or about July 28, 2014, a co-conspirator caused EPS to transfer approximately $9,042 of a tax refund based on a fraudulent U.S. Individual Income Tax Return (Form 1040) in the names of B.M.K. and E.M., into defendant V. OHIRI's Citibank 4397 Account.

Overt Act No. 20: On or about July 28, 2014, defendant V. OHIRI withdrew approximately $2,700 in cash from his Citibank 4397 Account.

Overt Act No. 21: On or about July 28, 2014, defendant V. OHIRI caused an international wire transfer in the amount of approximately $6,050 to be sent from his Citibank 4397 Account in the United States to a TSB Bank PLC account ending in 4660 in the United Kingdom for the benefit of co-conspirator CC-1.

Overt Act No. 22: On or about August 15, 2014, a co-conspirator caused H&R Block to transfer approximately $8,579 of a

tax refund based on a fraudulent U.S. Individual Income Tax Return (Form 1040) in the names of B.B. and J.C., into defendant S. OHIRI's Citibank 3137 Account.

Overt Act No. 23: On or about August 18, 2014, defendant S. OHIRI caused approximately $6,040 to be transferred from his Citibank 3137 Account to his Citibank 0480 Account.

Overt Act No. 24: On or about August 19, 2014, defendant S. OHIRI caused an international wire transfer in the amount of approximately $6,000 to be sent from his Citibank 0480 Account in the United States to TSB Bank PLC account ending in 4660 in the United Kingdom for the benefit of co-conspirator CC-1.

Overt Act No. 25: On or about September 10, 2014, a co-conspirator caused the IRS to deposit a tax refund of approximately $221,039 resulting from a fraudulent U.S. Individual Income Tax Return (Form 1040) in the names of A.L. and J.L.L., into defendant S. OHIRI's Citibank 3137 Account.

Overt Act No. 26: On or about September 12, 2014, defendant S. OHIRI caused Citibank to issue a cashier's check in the amount of approximately $30,000 drawn on defendant S. OHIRI's Citibank 3137 Account and made payable to defendant V. OHIRI.

Overt Act No. 27: On or about September 15, 2014, defendant V. OHIRI deposited the $30,000 cashier's check from defendant S. OHIRI into defendant V. OHIRI's Chase 7570 Account.

Overt Act No. 28: On or about September 16, 2014, defendant V. OHIRI withdrew approximately $6,000 from his Chase 7570 Account and transferred approximately $24,000 from his Chase 7570 Account to his Chase 3985 Account.

Overt Act No. 29: On or about September 17, 2014, defendant S. OHIRI transferred approximately $100,000 from his Citibank 3137 Account to his Citibank 0480 Account.

Overt Act No. 30: On or about March 5, 2015, defendant V. OHIRI caused Individual 1 to wire approximately $5,500 from Individual 1's Wells Fargo bank account ending in 4020 in the United States to a Halifax PLC bank account ending in 8663 in the United Kingdom for the benefit of co-conspirator CC-1.

## COUNTS TWO THROUGH ELEVEN

[18 U.S.C. § 641]

9. The Grand Jury hereby realleges and incorporates by reference paragraphs 1 through 4 and 6 through 8 of this Indictment as though fully set forth herein.

10. On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendants V. OHIRI and S. OHIRI knowingly and willfully stole, purloined, and converted to their own use and the use of another, money and things of value of the United States DOT, a department of the United States, namely, the proceeds of federal income tax refunds described below, having a value of more than $1,000, to which defendants V. OHIRI and S. OHIRI knew that they were not entitled, with the intent to deprive the DOT of the use and benefit of that property:

| COUNT | DATE | DESCRIPTION |
| --- | --- | --- |
| TWO | 3/20/14 | $6,500 from a federal income tax refund transfer in the amount of $9,209.03 for taxpayers J.S. and C.B. that was transferred on March 19, 2014, into the Chase 7570 Account |
| THREE | 3/27/14 | $8,405.89 from a federal income tax refund transfer in the amount of $9,164.89 for taxpayers M.K. and C.H. that was transferred on March 26, 2014, into the Citibank 4397 Account |
| FOUR | 4/2/14 | $7,328 from a federal income tax refund transfer in the amount of $9,088.16 for taxpayers M.C. and D.C. that was transferred on April 2, 2014, into the Citibank 4405 Account |
| FIVE | 4/14/14 | $8,000 from a federal income tax refund transfer in the amount of $9,821.28 for taxpayers R.K. and J.K. that was transferred on April 11, 2014, into the Citibank 4397 Account |
| SIX | 4/17/14 | $8,500 from a federal income tax refund transfer in the amount of $9,090.28 for taxpayers T.W.M. and W.L.A. that was transferred on April 15, 2014, into the Citibank 4405 Account |

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| SEVEN | 4/24/14 | $6,750 from a federal income tax refund transfer in the amount of $9,652.03 for taxpayers K.G. and C.C. that was transferred on April 23, 2014, into the Citibank 0480 Account |
| EIGHT | 7/28/14 | $6,050 from a federal income tax refund transfer in the amount of $9,042.10 for taxpayers B.K. and E.M. that was transferred on July 28, 2014, into the Citibank 4397 Account |
| NINE | 8/18/14 | $6,040 from a federal income tax refund transfer in the amount of $8,579.95 for taxpayers B.B. and J.C. that was transferred on August 15, 2014, into the Citibank 3137 Account |
| TEN | 9/12/14 | $30,000 from a federal income tax refund in the amount of $221,039 for taxpayers A.L. and J.L. that was deposited on September 10, 2014, into the Citibank 3137 Account |
| ELEVEN | 9/17/14 | $100,000 from a federal income tax refund in the amount of $221,039 for taxpayers A.L. and J.L. that was deposited on September 10, 2014, into the Citibank 3137 Account |

## COUNTS TWELVE AND THIRTEEN

[18 U.S.C. §§ 1956(a)(2)(B)(i), 2(b)]

11. The Grand Jury hereby realleges and incorporates by reference paragraphs 1 through 4 and 6 through 8 of this Indictment as though fully set forth herein.

12. On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendants V. OHIRI and S. OHIRI knowingly and willfully transported, transmitted, transferred, and caused to be transported, transmitted, and transferred, the monetary instruments and funds listed below from a place in the United States to and through a place outside the United States, knowing that the funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, location, ownership, and control of the proceeds of specified unlawful activity, to wit, theft of government property, in violation of Title 18, United States Code, Section 641:

| COUNT | DATE | TRANSFER |
|---|---|---|
| TWELVE | 4/17/14 | $8,000 sent via wire transfer from the Citibank 4397 Account in the United States to TSB Bank PLC account ending in 4660 in the United Kingdom |
| THIRTEEN | 8/19/14 | $6,000 sent via wire transfer from the Citibank 0480 Account in the United States, to TSB Bank PLC account ending in 4660 in the United Kingdom |

## FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

13. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Eleven of this Indictment.

14. Any defendant so convicted shall forfeit to the United States of America the following:

    (a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any such offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

15. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

## FORFEITURE ALLEGATION TWO

### [18 U.S.C. § 982 and 28 U.S.C. § 2461(c)]

16. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Twelve and Thirteen of this Indictment.

17. Any defendant so convicted shall forfeit to the United States of America the following:

   (a) Any property, real or personal, involved in such offense, and any property traceable to such property; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

18. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the convicted defendant shall forfeit substitute property, if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an

intermediary who handled but did not retain the property in the course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.

A TRUE BILL

/S/

Foreperson

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

KRISTEN A. WILLIAMS
Assistant United States Attorney
Deputy Chief, Major Frauds Section